# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8691 | **DATE** | 12/15/2003 |
| **CASE TITLE** | THOMAS SANIAT, pro se vs. CITY OF CHICAGO, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff's motion to proceed in forma pauperis on his 1983 and 1985(3) claims is denied, along with all claims against the City of Chicago and EAR. However, his motion to proceed in forma pauperis on his 1985(2) and 1986 claims against the John and Jan Doe defendants is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. |
|---|---|
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials: LG

number of notices: 

date docketed: 15

docketing deputy initials: 

date mailed notice: 

U.S. DISTRICT COURT CLERK

03 DEC 15 AM 5:23

Date/time received in central Clerk's Office

mailing deputy initials

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS SANIAT, *pro se*, )
)
        Plaintiff, )
)
vs. ) No. 03 C 8691
) DEC 1 6 2003
CITY OF CHICAGO, et al., )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Thomas Saniat brought this action against the City of Chicago, EAR Towing (EAR), and numerous John and Jane Does who work for the City and EAR, alleging violations of 42 U.S.C. §§ 1983, 1985, and 1986. Along with his complaint plaintiff filed a petition to proceed *in forma pauperis*. For the following reasons, plaintiff's petition is granted in part and denied in part.

Pursuant to 28 U.S.C. § 1915(a) we may authorize plaintiff to proceed *in forma pauperis* if he demonstrates an inability to pay the required costs and fees. In his affidavit plaintiff states that he has been unemployed since June 1970, that his only income is $807 per month from a Veteran's Administration pension, and that his only assets are $515 in savings. The plaintiff has shown his inability to pay court costs.

Our inquiry does not end there, however. As part of the initial review of a petition to proceed *in forma pauperis*, we analyze the claims and dismiss the complaint if we determine that the action is frivolous or malicious, it fails to state a claim upon which relief may be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); Alston v Debruyn, 13 F.3d 1036, 1039 (7th Cir. 1994). We review the claim



using the same standard as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). Pursuant to Rule 12(b)(6) we dismiss a claim only if it appears beyond a doubt that there exist no facts to support the allegations. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Complaints by *pro se* parties should "be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers." McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir. 2000).

This complaint details yet another incident in the ongoing saga between plaintiff and the City of Chicago. Since 2001, plaintiff has filed four cases against the City (three of which also stated claims against EAR Towing) involving the impoundment of his vehicles. All of these previous cases have been dismissed for lack of jurisdiction or failure to state a claim.

According to plaintiff's complaint, the facts are as follows. On November 29, 2002, Chicago Streets and Sanitation workers and Chicago police officers entered property located at 2724 W. 23rd Street in Chicago. The complaint states that the property was fenced and marked with "No Trespassing" signs. It does not, however, state who owned the property. The City employees, with the aid of EAR employees, removed three vehicles, a camper and computer components, belonging to plaintiff, from the site. The employees allegedly took the property without prior notice and the Streets and Sanitation workers did not show plaintiff any identification or order for removal. Plaintiff asserts that defendants damaged his vehicles during the move.

As we understand the complaint, on January 3, 2003, plaintiff went to the lot operated by EAR, where his vehicles had been impounded. At the pound an unnamed off-duty Chicago police officer arrested plaintiff, and an EAR employee confiscated court papers which related to one of plaintiff's prior cases against the City and EAR, and part of a video camera that

plaintiff was using to document damage to his property.

From these allegations plaintiff asserts three claims. First, defendants deprived him of his due process rights in violation of 42 U.S.C. § 1983 by impounding his property without prior notice. Second, defendants conspired to deprive him of his property and to impede him from pursuing a suit against the City in federal court in violation of 42 U.S.C. § 1985. Finally, plaintiff alleges that defendants violated 42 U.S.C. § 1986.

To state a claim under § 1983, plaintiff must allege that "(1) 'the conduct complained of was committed by a person acting under color of state law'; and (2) that 'this conduct deprived [plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" Moore v. Muncie Police and Fire Merit Commission, 312 F.3d 322, 326 (7th Cir. 2002) *citing* Townsend v. Vallas, 256 F.3d 661, 669 (7th Cir. 2001). Plaintiff alleges that the defendants deprived him of his due process rights by towing his vehicles without prior notice and damaging them in the process. However, as Judge Coar made clear in his dismissal of one of plaintiff's prior complaints, the impoundment of an individual's vehicle without prior notice is not a violation of the due process clause, as long as the individual has an adequate post-deprivation remedy. Saniat v. City of Chicago, 2003 WL 21251976 at *3 (N.D.Ill. 2003). In Saniat, this plaintiff brought a § 1983 claim against the City after an administrative law judge found that the City had not proved that the towing of plaintiff's vehicles was authorized under the city code. *Id.* Judge Coar held that there was still no violation of due process because the City provided a prompt hearing following the towing. *Id.* This decision is supported by the Seventh Circuit's finding that vehicle owners in Illinois have adequate post-deprivation remedies for the impoundment of their cars, even when they are damaged. Gable v. City of Chicago, 296 F.3d 531, 540 (7th Cir. 2002); *see* Ernst v. City of Chicago, 63 F. Supp.2d

908 (N.D.Ill. 1999).

Plaintiff also alleges violations of 42 U.S.C. § 1985. First, he claims that the defendants conspired to deprive him of his due process rights by towing his vehicle without prior notice. As both §§ 1985(1) and 1985(2) are inapplicable, the only section under which plaintiff could be asserting this claim is § 1985(3). Under § 1985(3), plaintiff must allege "'(1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of the alleged conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens.'" Brokaw v. Mercer County, 235 F.3d 1000, 1024 (7th Cir. 2000) *citing* Majeske v. Fraternal Order of Police, Local Lodge No. 7, 94 F.3d 307, 311 (7th Cir. 1996). In order to establish that the purpose of the conspiracy is to deprive a person or class of persons equal protection, the plaintiff must allege "some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); Brokaw, 235 F.3d at 1024. Saniat has not done so. His complaint gives no indication that defendants were motivated by class-based discrimination.

Plaintiff also alleges that defendants conspired to deter him from pursuing his case against the City and EAR in federal court. This claim falls under § 1985(2). To state a claim under this section plaintiff must allege: "(1) a conspiracy by the defendants; (2) to injure a party or witness in his or her person or property; (3) because he or she attended federal court or testified in any matter pending in federal court; (4) resulting in injury or damages to the plaintiff." Wright v. Illinois Dept. of Children & Family Services, 40 F.3d 1492 (7th Cir. 1994). Unlike a § 1985(3) claim, a § 1985(2) claim, which alleges a conspiracy to deter a federal court action, does not require that the plaintiff show a discriminatory class-based animus. Kush v.

Rutledge, 460 U.S. 719, 727-28 (1983). For the purposes of this petition, after liberally construing plaintiff's *pro se* complaint, we find that plaintiff does state a claim under § 1985(2). Plaintiff states that John and Jane Doe, employees from the City's Streets and Sanitation Department and Police Department, conspired to tow his vehicles, which were allegedly damaged, "to cause a chilling effect on the plaintiff and to avert his attention from proceeding with a pending action in this court and U.S. appellate court." Plaintiff also alleges that a John Doe off-duty police officer and a John Doe employee of EAR conspired against him by falsely arresting him and taking some of his possessions, including court documents and a video camera which were related to plaintiff's pending court action.

While these allegations state a claim against the various John and Jane Doe employees of the City and EAR, they do not state a claim against the City or EAR. To state a claim against a city under § 1985, a plaintiff "must allege an official policy or custom which relates to matters stemming from or resulting in the conspiracy." Eiland v. Hardesty, 564 F. Supp. 930, 934 (N.D.Ill. 1982). A claim against the City cannot be based merely on its employees' actions because a "municipality cannot be held liable under the doctrine of *respondeat superior* for the Section 1985 violations of its employees." Johnson v. Chicago Board of Education, 2000 WL 1785311 at *6 (N.D.Ill. 2000);. Eiland, 564 F. Supp. at 934. Nor can EAR be held liable solely on the basis of its employee's actions. *See* Boyden v. Troken, 352 F. Supp 722, 723 (N.D.Ill. 1973)("The doctrine of *respondeat superior* does not apply in civil rights cases ...."). Plaintiff does not make any allegations which indicate that the John and Jane Doe defendants were acting in accordance with a City policy or custom, nor has plaintiff made any allegations against EAR.

Plaintiff's final claim is under 42 U.S.C. § 1986, which derives from § 1985. Section

1986 imparts liability on those who know of a § 1985 conspiracy and do nothing to prevent it, despite their power to do so. The elements of a § 1986 claim are (1) knowledge that conspiratorial wrongs are going to be committed, (2) the power to prevent or aid in preventing the wrongs, (3) failure to do so (4) resulting in the wrongful acts being committed (5) even though they could have been prevented by reasonable diligence. Bell v. City of Milwaukee, 746 F.2d 1205, 1233 (7th Cir. 1984). Though plaintiff does not plainly account for each element, we cannot find that no facts would support plaintiff's claim under this section. Plaintiff has alleged that the John and Jane Doe defendants took part in the conspiracy, thus their knowledge of it and failure to stop it can be inferred. Likewise, based on the nature of defendants' alleged actions (impoundment of vehicles, false arrest, and confiscation of possessions), we can infer that they could have been prevented by reasonable diligence. As plaintiff's § 1985 claim survives, so too does his § 1986 claim, although he has yet to identify any individual defendants.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to proceed *in forma pauperis* on his § 1983 and § 1985(3) claims is denied, along with all claims against the City of Chicago and EAR. However, his motion to proceed *in forma pauperis* on his § 1985(2) and § 1986 claims against the John and Jane Doe defendants is granted.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 15, 2003.